UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY<br>1411 K Street NW, Suite 1300<br>Washington, D.C. 20005<br><br>*Plaintiff*,<br><br>v.<br><br>NATIONAL MARINE FISHERIES SERVICE;<br>1315 East-West Highway, 14th Floor<br>Silver Spring, MD 20910<br>(Montgomery County)<br><br>U.S. DEPARTMENT OF COMMERCE;<br>1401 Constitution Avenue NW,<br>Washington, DC 20230<br><br>HOWARD LUTNICK,<br>Secretary of Commerce,<br>*in his official capacity*; and<br>1401 Constitution Avenue NW,<br>Washington, DC 20230<br><br>EMILY MENASHES,<br>Acting Administrator,<br>National Marine Fisheries Service, *in her official capacity*,<br>1315 East-West Highway, 14th Floor<br>Silver Spring, MD 20910<br>(Montgomery County)<br><br>*Defendants*. | No. _____<br><br>**COMPLAINT FOR DECLARATORY**<br><br>**AND INJUNCTIVE RELIEF** |

**INTRODUCTION**

1. Plaintiff, Center for Biological Diversity ("Center"), brings this case to redress the National Marine Fisheries Service's ("NMFS") failure to determine whether the smalltail shark (*Carcharhinus porosus*) warrants protection as endangered or threatened—in violation of the Endangered Species Act's ("ESA") nondiscretionary, congressionally mandated deadlines. 16 U.S.C. § 1533(b)(3).

2. NMFS's failure delays crucial, lifesaving protections for this imperiled shark, increasing its risk of extinction.

3. Smalltail sharks are relatively small sharks with large eyes and a long-pointed snout found in estuaries and nearshore waters of the western Atlantic Ocean from Brazil to the Northern Gulf of Mexico. They are threatened by climate change, overutilization, commercial fishing, and inadequate regulatory protection.

4. The Center submitted a petition (attached hereto as "Exhibit A") to NMFS on October 31, 2022, to list the smalltail shark as "endangered" or "threatened" under the ESA.

5. In response to the petition, NMFS published a "positive" 90-day finding that listing may be warranted for the smalltail shark but failed to take any further action. 90-Day Finding on a Petition to List the Smalltail Shark as Threatened or Endangered Under the Endangered Species Act, 88 Fed. Reg. 33,075 (May 23, 2023). Defendants' failure to comply with their nondiscretionary duty to complete review of the petition deprives the Center and its members of a timely determination on the petition and deprives the smalltail shark of the statutory protections that are necessary for its survival and recovery.

6. The Center brings this lawsuit for declaratory and injunctive relief, seeking an Order declaring that NMFS is in violation of the ESA by failing to make the required 12-month

1

finding on the petition to list the smalltail shark and directing NMFS to publish its overdue 12-month listing determination by a date certain.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action pursuant to 16 U.S.C. §§ 1540(c), (g) (ESA citizen suit provision) and 28 U.S.C. § 1331 (federal question). This Court has authority to issue declaratory and injunctive relief pursuant to 16 U.S.C. § 1540(g) (ESA); U.S.C. §§ 2201-2202 (Declaratory Judgment Act); and 5 U.S.C. § 706 (Administrative Procedure Act, "APA").

8. Plaintiff provided Defendants with 60-day notice (attached hereto as Exhibit B) of the ESA violation, as required by 16 U.S.C. § 1540(g)(2)(A), by certified and electronic mail dated February 20, 2024 (received February 20, 2024). Defendants have not remedied the violations set out in the notice and an actual controversy exists between the parties within the meaning of the Declaratory Judgment Act, 28 U.S.C. § 2201.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e)(1) because the Defendants' office is headquartered in this district, and a substantial part of the violations of law by Defendants occurred in this district.

## PARTIES

10. Plaintiff, CENTER FOR BIOLOGICAL DIVERSITY, is a national, non-profit conservation organization that works through science, law, and policy to protect imperiled wildlife and their habitats. The Center focuses specifically on conserving marine ecosystems and seeks to ensure that imperiled species like sharks are properly protected, including from threats

2

from pollution, fishing, and habitat destruction. The Center has approximately 93,109 members nationwide.

11.     The Center and its members have deep and long-standing interests in the preservation and recovery of imperiled species, including the smalltail shark and its habitat, and in the full and effective implementation of the ESA. The Center's members include individuals with scientific, professional, educational, recreational, aesthetic, moral, and spiritual interests in the smalltail shark, and who visit and appreciate the habitat of the species for a broad range of reasons. Plaintiff's interests in protecting and recovering the shark are directly harmed by NMFS's failure to issue timely findings on its petition to list the smalltail shark.

12.     The Center's members include individuals who regularly visit areas that are occupied or were formerly occupied by smalltail sharks for diving and snorkeling, and who seek to observe the shark in its natural habitat during these activities. For example, one Center member lives in Florida, snorkels in the Gulf of Mexico to look for smalltail sharks, volunteers to study and protect native and endangered wildlife in the Gulf of Mexico and is harmed by Defendants' failure to properly protect smalltail sharks. Plaintiff's members derive recreational, spiritual, professional, scientific, educational, and aesthetic benefit from these activities, and intend to continue to use and enjoy these areas in the future.

13.     Defendants' violation of the ESA's nondiscretionary mandatory deadlines has delayed the implementation of statutory ESA protections for the smalltail shark and its habitat, making the conservation of this species more difficult. For example, while NMFS withholds its decision to propose ESA listing, oil exploration and development activities continue to expand in the Gulf of Mexico and impact individual sharks and the habitat the species needs to survive and recover. ESA listing is necessary to ensure that oil and gas activities and other federally

permitted activities do not jeopardize smalltail sharks or adversely modify or destroy their essential habitat area. These are actual and concrete injuries that are presently suffered by the Center's members, are directly caused by Defendants' acts and omissions, and will continue unless the Court grants relief. The relief sought by Plaintiff would redress these injuries. The Center and its members have no other adequate remedy at law.

14. Defendant U.S. DEPARTMENT OF COMMERCE is a cabinet-level agency within the executive branch of the United States government responsible for conserving most marine species.

15. Defendant NATIONAL MARINE FISHERIES SERVICE is a federal agency within the Department of Commerce responsible for implementing the provisions of the ESA for marine species, including timely 12-month determinations for marine species.

16. Defendant HOWARD LUTNICK is the Secretary of the U.S. Department of Commerce and has the ultimate responsibility to administer and implement the provisions of the ESA for marine species like the smalltail shark. He is sued in his official capacity.

17. Defendant EMILY MENASHES is the Acting Assistant Administrator of the National Marine Fisheries Service, the agency within the Department of the Commerce charged with implementing the ESA for the marine species at issue in this suit. Defendant Menashes is currently charged with ensuring that agency decisions comply with the ESA and is sued in her official capacity.

**STATUTORY FRAMEWORK**

18. The Endangered Species Act, 16 U.S.C. §§ 1531–1544, is "the most comprehensive legislation for the preservation of endangered species ever enacted by any

nation." *Tennessee Valley Authority v. Hill*, 437 U.S. 153, 180 (1978). Its fundamental purposes are "to provide a means whereby the ecosystems upon which endangered species and threatened species depend may be conserved . . . [and] to provide a program for the conservation of such endangered species and threatened species." 16 U.S.C. § 1531(b).

19. The ESA provides a suite of substantive and procedural legal protections that apply to species once they are listed as endangered or threatened. *Id.* § 1533.

20. For example, section 4(a)(3) of the ESA requires NMFS to designate "critical habitat" for each endangered and threatened species. *Id.* § 1533(a)(3). In addition, ESA section 7(a)(2) requires all federal agencies to "insure" that their actions do not "jeopardize the continued existence" of any endangered or threatened species or "result in the destruction or adverse modification" of any listed species' "critical habitat." *Id.* § 1536(a)(2).

21. Further, ESA section 9 prohibits, among other actions, "any person" from causing the "take" of any protected fish or wildlife without lawful authorization from NMFS. *Id*. §§ 1538(a)(1)(B), 1539; *see also id*. § 1532(19) (defining "take"). Other provisions require NMFS to "develop and implement" recovery plans for listed species, *id.* § 1533(f); authorize NMFS to acquire land for the protection of listed species, *id*. § 1534; and authorize NMFS to make federal funds available to states to assist in the conservation of endangered and threatened species, *id*. § 1535(d).

22. The ESA defines a "species" as "any subspecies of fish or wildlife or plants, and any distinct population segment of any species of vertebrate fish or wildlife which interbreeds when mature." *Id.* § 1532(16). A species is "endangered" when it "is in danger of extinction throughout all or a significant portion of its range." *Id.* § 1532(6). A species is "threatened" when it is "likely to become an endangered species within the foreseeable future throughout all or a

5

significant portion of its range." *Id.* § 1532(20).

23. The ESA requires NMFS to determine whether any species is endangered or threatened because of any of the following factors: (A) the present or threatened destruction, modification, or curtailment of its habitat or range; (B) overutilization for commercial, recreational, scientific, or educational purposes; (C) disease or predation; (D) the inadequacy of existing regulatory mechanisms; or (E) other natural or manmade factors affecting its continued existence. *Id.* § 1533(a)(1).

24. To ensure the timely protection of species at risk of extinction, Congress set forth a detailed process whereby citizens may petition NMFS to list a species as endangered or threatened. *Id.* § 1533(b)(3) In response to such a petition, NMFS must publish a series of three decisions according to statutory deadlines. First, within 90 days of receipt of a listing petition, NMFS must, "to the maximum extent practicable," publish an initial finding as to whether the petition "presents substantial scientific or commercial information indicating that the petitioned action may be warranted." *Id.* § 1533(b)(3)(A). This is known as the "90-day finding." If NMFS determines in the 90-day finding that the petition does not present substantial information indicating that listing may be warranted, the petition is rejected, and the process concludes.

25. If, however, as in this case, NMFS determines that a petition does present substantial information indicating that listing "may be warranted," the agency must publish that determination in its 90-day finding and proceed with a scientific review of the species' status, known as a "status review." *Id*.

26. Upon completing the status review, and within 12 months of receiving the petition, the ESA requires that NMFS must publish a "12-month finding" with one of three listing determinations: (1) listing is "warranted"; (2) listing is "not warranted"; or (3) listing is

"warranted but precluded" by other proposals for listing species, provided certain circumstances are met. *Id.* § 1533(b)(3)(B). This is known as a listing determination.

27.     If NMFS determines that listing is "warranted," the agency must publish that finding in the Federal Register along with the text of a proposed regulation to list the species as endangered or threatened and must take public comments on the proposed listing rule. *Id.* § 1533(b)(3)(B)(ii).

28.     Within one year of publication of the proposed listing rule, NMFS must publish in the Federal Register the final rule implementing its determination to list the species. *Id.* § 1533(b)(6)(A). This is known as a "final listing rule."

29.     If NMFS finds that there is substantial disagreement regarding the sufficiency or accuracy of the available data relevant to a listing determination, NMFS may extend this one-year period by six months to solicit additional data. *Id.* § 1533(b)(6)(B)(i). However, before the expiration of that six-month extension, NMFS must publish either a final regulation or a notice of withdrawal. *Id.* § 1533(b)(6)(B)(ii)-(iii).

## FACTUAL BACKGROUND

**Smalltail Shark** *(Carcharhinus porosus)*

30.     Smalltail sharks are a species of relatively small requiem sharks—reaching a maximum length of about 5 feet and can be found in estuaries and nearshore waters of the western Atlantic Ocean from Brazil to the northern Gulf of Mexico. 88 Fed. Reg. at 33077 (May 23, 2023).

31.     Smalltail sharks are opportunistic predators and feed primarily on bony fishes and invertebrates in shallow waters to depths of 275 feet. *Id*.

32.     In the past three decades, global smalltail shark populations have declined by 80% with even greater declines at the core of species distribution. Its continued survival is threatened by climate change, overfishing, habitat degradation, and contaminant exposure. Exhibit A at 5.



Smalltail Shark, *Carcharhinus porosus*. Source: Ranzani (1840)

**Listing Petition and Response**

33.     Due to threats to the smalltail shark's survival, the Center petitioned NMFS to list the shark as threatened or endangered under the ESA on October 31, 2022. 88 Fed. Reg. at 33,075.

34.     On May 23, 2023, NMFS issued a positive 90-day finding that the petition to list the smalltail shark presented "substantial scientific or commercial information indicating that listing the smalltail shark as threatened or endangered may be warranted." *Id*.

35.     After this finding, NMFS was required to issue a 12-month listing determination by October 31, 2023—one year from the date of the initial petition. However, years have passed since the Center submitted its petition and NMFS has failed to take any further action toward listing the species. NMFS has an "ongoing, binding statutory duty" to complete its evaluation of the petitioned action. *Inst. for Wildlife Prot. v. United States Fish & Wildlife Serv.*, No. 07-CV-358-PK, 2007 U.S. Dist. LEXIS 85197, at *15 (D. Or. Nov. 16, 2007); *Wilderness Soc'y v.*

8

*Norton*, 434 F.3d 584, 589 (D.C. Cir. 2006) (noting that challenges to agency inaction are timely where plaintiffs do not "complain about what the agency has done but rather about what the agency has yet to do."). Thus, NMFS's failure to issue a 12-month finding on the petition is a clear violation of the ESA and its non-discretionary deadlines.

36. Until Defendants publish the legally required 12-month listing determination and final listing rules, the smalltail shark will face ongoing threats to its existence and continued degradation of its habitat caused by Defendants' failure to provide necessary protection under the ESA.

### CLAIM FOR RELIEF

37. Plaintiff re-alleges and incorporates all allegations set forth in the preceding paragraphs.

38. When NMFS finds that listing of a species "may be warranted," the ESA requires NMFS to publish a "12-month finding" with a listing determination within one year of receiving a listing petition. After finding that listing "may be warranted" for the smalltail shark, Defendants failed to perform their nondiscretionary duty to publish a timely 12-month listing determination on the petition to list the shark as endangered or threatened, in violation of the ESA. 16 U.S.C. § 1533(b)(3)(B).

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment providing the following relief:

1. Declare that Defendants have violated the ESA by failing to issue a timely 12-month listing determination in response to the petition to list the smalltail shark;

2. Order Defendants to publish in the Federal Register a 12-month listing determination on the petition to list the smalltail shark by a date certain;

3. Retain continuing jurisdiction to review the Defendants' compliance with all judgments and orders herein;

4. Grant Plaintiff its reasonable attorneys' fees and costs as provided by the ESA, 16 U.S.C. § 1540(g)(4); and

5. Provide such other relief as the Court deems just and proper.

Respectfully submitted and dated this 27th day of February 2025.

*/s/ Mark D. Patronella*
Mark D. Patronella (Bar No. 31185)
Email: mpatronella@biologicaldiversity.org
Lauren A. Parker (*Pro hac vice* admission pending)
Email: lparker@biologicaldiversity.org
CENTER FOR BIOLOGICAL DIVERSITY
1411 K Street N.W., Suite 1300
Washington, D.C. 20005
Telephone: (202) 961-4820

Catherine W. Kilduff (*Pro hac vice* admission pending)
Email: ckilduff@biologicaldiversity.org
CENTER FOR BIOLOGICAL DIVERSITY
2100 Franklin St., Suite 375
Oakland, CA 94612
Telephone: (202) 780-8862

*Attorneys for Plaintiff Center for Biological Diversity*

10